UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ron Tearia Nicholas, | ) | C/A No. 8:05-3472-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Jon E. Ozmint, Director of SCDC; S. Parker, Sergeant at Kirkland Correctional Institution; and Wilbert McGraw, Lieutenant at Kirkland Correctional Institution; and FNU Thomas, KCI Food Service Supervisor, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined in the Maximum Security Unit (MSU) at Kirkland Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 on the basis that he is not being allowed to practice his religion as a Sunni Muslim in violation of the Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1.

The Complaint in the case at bar was filed on December 16, 2005 against defendants Ozmint, Parker, and McGraw, requesting damages for alleged violations of RLUIPA. Before an Answer was filed by the defendants, the plaintiff filed an Amended Complaint on January 3, 2006, adding defendant Thomas as a party and alleging various violations of the Fourteenth Amendment equal protection clause and RLUIPA but not incorporating the allegations from his original complaint regarding the grooming policy. Defendants filed an Answer to the Amended Complaint on February

1

21, 2006 alleging as defenses failure to state a claim; that the defendants are not "persons" amenable to suit under 42 U.S.C. §1983; that the claims are barred by the PLRA; that they are not ripe; failure to exhaust administrative remedies; immunity under the Eleventh Amendment; and qualified immunity.

Magistrate Judge Hendricks filed an Order in the case on May 5, 2006, advising the plaintiff that defendant Thomas was subject to being dismissed for lack of timely service. She then denied the plaintiff's motion for an extension of time to serve defendant Thomas by Order dated July 25, 2006. Defendant Thomas is hereby dismissed from the lawsuit without prejudice due to the failure to serve him with legal process within one-hundred twenty days as required by Fed. R. Civ. P. 4(m).

This matter is before the court on motion for summary judgment by defendants filed May 18, 2006. By order filed May 19, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the motion for summary judgment. Plaintiff responded to the motion for summary judgment on June 21, 2006.

Also before the Court for disposition are the plaintiff's [13] motion for temporary restraining order and preliminary injunction; [18] motion seeking a response to motion for TRO; [26] motion for partial summary judgment; and [30] motion to compel. The Magistrate Judge recommended that the motion for TRO/ preliminary injunction and motion for partial summary judgment be denied. She held the motion to compel in abeyance pending this Court's ruling on the defendant's motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Bruce H. Hendricks

filed July 25, 2006. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on her review of the record, the Magistrate Judge concluded that the defendant's motion for summary judgment should be granted as to all claims other than the challenge to the publication ban on the basis of the rule of complete exhaustion because plaintiff has failed to exhaust his administrative remedies as to most of his claims. She further recommended that, if this Court does not wish to apply the complete exhaustion rule, then the motion for summary judgment should be denied on the grooming issue alone. She granted the plaintiff's "motion for joinder" requesting that his claim regarding the grooming policy be added to his other claims against the defendants in the Amended Complaint. She recommended that the claim regarding the publication ban should be dismissed with prejudice under the doctrine of res judicata. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on June 13, 2006.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections

3

have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

### Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement.  *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")  This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively.  *Booth v. Churner*, 532 U.S. 731 (2001).  Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under  § 1983.  *Porter v. Nussle*, 534 U.S. 516 (2002).  A prisoner must complete the state administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required.  *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

### Plaintiff's Objections

In the case at bar, the plaintiff stipulates in his objections:

> Plaintiff has no objections to dismissal of all claims without prejudice that have not been exhausted, with the exception of the claim to the grooming-policy . . . Plaintiff also does not object to res judicata barring consideration of his claim to the publications-policy as explained by the magistrate.

Therefore, the plaintiff has agreed in his objections to the dismissal of all claims except the claims regarding grooming.  *See also*, plaintiff's [43] Opposition to Summary Judgment, in which he states: "Plaintiff would first concede defeat on the claims enumerated on page (4) of the defendants

4

motion, as those claims are not ripe for adjudication . . ."

Plaintiff also objects to the recommendation by the Magistrate Judge that his motion for TRO/preliminary injunction should be denied.

### **Discussion**

The Magistrate Judge recommended granting the defendants' motion for summary judgment on the unexhausted claims as well as the grooming claim under the rule of complete exhaustion. Under that legal rule, where some claims have been exhausted and others have not, the exhaustion requirement of the PLRA requires dismissal of all claims, both exhausted and unexhausted. Therefore, assuming without deciding that the grooming issue has been exhausted, under this doctrine the entire complaint would need to be dismissed where the plaintiff has not exhausted his administrative remedies as to all claims.

It does not appear that the Fourth Circuit has taken a position as to the doctrine of complete exhaustion in Section 1983 cases. *See Johnson v. True*, 125 F.Supp. 2d 186, 188 (W.D. Va. 2000) (Motion to dismiss on basis of total exhaustion rule denied: "[T]he defendants do not provide a viable reason why the *habeas* total exhaustion analysis of *Rose v. Lundy* should be applied to a § 1983 civil rights action.") The undersigned believes after a review of the cases from other circuits and the United States Supreme Court[1], that the partial exhaustion rule should be applied to section 1983 cases such as

---

[1] In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that the doctrine of complete exhaustion applies in habeas corpus cases, based upon comity with the states and the provisions of 28 U.S.C. § 2254. However, this Court notes that principles of comity are not present in the situation presented by an action under section 1983. *See also, Rhines v. Weber*, 544 U.S. 269, 278 (2005), finding that if a habeas petitioner presents a district court with a mixed habeas petition and a stay is not appropriate, the court may allow the petitioner to delete unexhausted claims and proceed with exhausted claims if "dismissal of the entire petition would unreasonably impair petitioner's right to obtain federal relief."

the case at bar and not the doctrine of complete exhaustion. Therefore, all unexhausted claims should be dismissed, but any claims which are exhausted should remain viable.

The circuit courts of appeal are split regarding this doctrine. The Tenth Circuit has adopted the rule of complete exhaustion. *See Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004). The Second Circuit rejected complete exhaustion in *Ortiz v. McBride*, 380 F.3d 649 (2nd Cir. 2004). Other circuits which have addressed the issue have adopted the partial exhaustion rule. In *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003), the Eighth Circuit allowed the plaintiff to cure his complaint by deleting unexhausted claims. The Ninth Circuit has held that when a plaintiff files a "mixed" complaint, where some claims are exhausted and some are not, but they are closely related factually, the plaintiff should be allowed to amend his complaint to allege only fully exhausted claims. Where the unexhausted and exhausted claims are not factually intertwined, the court should dismiss the unexhausted claims and proceed with the exhausted claims. *Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2005), Petition for Certiorari filed, 74 U.S.L.W. 3425 (Jan. 6, 2006).

Therefore, the Court finds that the unexhausted claims should be dismissed and that the case shall proceed only on the grooming claim asserted in his original complaint, now a part of the Amended Complaint by Order of Judge Hendricks. It is not clear whether the plaintiff has exhausted his administrative remedies as to the grooming issue, as the defendant took the position that the plaintiff abandoned his grooming claim by not including it in his amended complaint. Therefore, the case is re-committed to the Magistrate Judge and the defendant shall be allowed to file any dispositive motions regarding the grooming issue within 20 days. The Motion for Summary Judgment is granted and the action is dismissed with prejudice as to the claim regarding receipt of religious publications. The Motion for Summary Judgment is granted as to all other claims except the grooming claim, and those

claims are dismissed without prejudice.

## Motion for TRO and Preliminary Injunction

The plaintiff filed a Motion for TRO and/or Preliminary Injunction on January 25, 2006 requesting that the defendants be enjoined from forcing Muslims to cut their hair and shave their beards. The Magistrate Judge recommended that the motion for TRO/preliminary injunction should be denied. Plaintiff asserts that the Magistrate Judge improperly relied on *Hines v. South Carolina Department of Corrections*, 148 F.3d 353 (4th Cir. 1998), since it was decided before the passage of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1. Plaintiff also contends that the security concerns expressed by the defendants as justification for the grooming policy are speculative.

Four factors must be considered by a Court on motion for a TRO or preliminary injunction: (1) the likelihood of irreparable harm to a plaintiff if the injunction is denied; (2) likelihood of harm to a defendant if an injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Direx Israel, Ltd. v. Breadthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). For purposes of deciding this motion, the Court will assume that the plaintiff is correct that he will suffer irreparable harm in having his hair cut, allegedly in contravention of his Muslim religion. However, the Court finds that the defendant will also suffer harm if the grooming policy is not followed due to the security concerns enumerated in *Hines*: to eliminate contraband, reduce gang activity, identify inmates, and maintain order. *See also Affidavit of Robert Ward* submitted in the case at bar in opposition to the motion for TRO.

As to the factor of the likelihood of success on the merits, the Court does not believe that the plaintiff has made a sufficient showing. Several cases from this circuit have analyzed related issues

7

and found grooming policies in prisons did not violate the Constitution or federal statutes. *See Strong v. Ozmint*, 2004 WL 1790208 (4th Cir. 2004) (unpublished opinion affirming order of Judge Seymour denying motion to enjoin enforcement of grooming policy); *Caprood v. Moore*, 188 F.3d 501 (4th Cir. 1999) (affirming Judge Currie's order finding forced haircuts constitutional); *DeBlasio v. Johnson*, 128 F.Supp. 2d 315 (E.D. Va. 2000), *aff'd*, 2001 WL 721398 (4th Cir. 2001) (upholding constitutionality of similar grooming policy of the Virginia Department of Corrections).

The public interest weighs in favor of policies which encourage security in prisons.

The motion for TRO/preliminary injunction is, accordingly, DENIED.

### **Other Pending Motions**

The plaintiff filed a Motion to Compel [30] requesting an order compelling the defendants to respond to certain discovery requests. The first portion of the motion deals with the defendants' responses which the plaintiff contends should have been answered by a non-party, John Pate. This contention obviously lacks merit.

The plaintiff also challenges the objections raised to the production of the following four SCDC policies:

(1) SCDC Policy No. OP-22.12 "Special Management Unit"

(2) SCDC Policy No. OP-22.16 "Death Row"

(3) SCDC Policy No. OP-22.01 "Use of Force"

(4) SCDC Policy No. OP-22.05 "Chemical Munitions"

Defendants objected to the production of the SMU and Death Row policies because of a lack of relevance. The defendants state that the Use of Force and Chemical Munitions policies were not produced because they are restricted policies which cannot be viewed by inmates for security reasons.

The Plaintiff argues that these policies are relevant and should be discoverable in this case because he is challenging the enforcement of the SCDC Grooming Policy as being in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

The Court finds that the plaintiff cannot show the relevance of these policies.  He is confined to the Maximum Security Unit (MSU) and is already in possession of SCDC Policy No. OP-22.11 which governs that unit.  The defendant argues that the policies regarding the use of force and chemical munitions policies are restricted from inmates for security reasons.  The motion to compel is **DENIED**.

The plaintiff filed a Motion for Partial Summary Judgment [26] on the basis of collateral estoppel.  He alleges that the SCDC in *Hines* represented to the Fourth Circuit that inmates in administrative segregation were allowed to have long hair and beards and that this was necessary to the determination of the constitutionality of the grooming policy in *Hines*.  The *Hines* decision was not, in this Court's opinion, dependent on such a representation.  Collateral estoppel therefore does not apply, and the plaintiff's motion for summary judgment is **DENIED**.

## Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court overrules all objections, adopts the Report and Recommendation as modified herein, and incorporates it herein by reference.  Accordingly, defendant's [40] motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.  The plaintiff's claims set forth in his Amended Complaint are dismissed without prejudice except that the claim relating to receipt of religious publications is dismissed **with** prejudice.  The Motion for Summary Judgment is **DENIED** as to the plaintiff's claim made in his initial Complaint relating to the grooming policy, and that claim is re-

committed to the Magistrate Judge for further proceedings consistent with this Order. Plaintiff's [30] Motion to Compel is **DENIED.** Plaintiff's [18] Motion seeking a response to Motion for TRO is **MOOT**, as the defendants filed a response. Plaintiff's [13] Motion for Temporary Restraining Order/Preliminary Injunction is **DENIED**. Plaintiff's [26] Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 20, 2006
Florence, SC